**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| R.B., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No: 3:21-cv-14-MSH |
| | : | Social Security Appeal |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| | : | |
| Defendant. | : | |

_____

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's

("ALJ's") determination, denied Plaintiff's applications for supplemental security income

and disability insurance benefits, finding that she is not disabled within the meaning of the

Social Security Act and accompanying regulations.   Plaintiff contends that the

Commissioner's decision was in error and seeks review under the relevant portions of 42

U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).   All administrative remedies have been

exhausted.  Both parties filed their written consents for all proceedings to be conducted by

the United States Magistrate Judge, including the entry of final judgment directly

appealable to the Eleventh Circuit of Appeals pursuant to 28 U.S.C § 636(c)(3).

## LEGAL STANDARDS

The Court's review of the Commissioner's decision is limited to a determination of

whether it is supported by substantial evidence and whether the correct legal standards

were applied.  *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (internal quotation marks omitted). The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2] The Court must scrutinize the record as a whole to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam). The claimant's "burden is a heavy one, so stringent that it has been described as bordering on the unrealistic." *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

seeking Social Security disability benefits or supplemental security income must demonstrate that they suffer from an impairment that prevents them from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments or supplemental security income, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq.*; 20 C.F.R. § 416.101 *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(1).  First, the Commissioner determines whether the claimant is working.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled.  *Id*. §§ 404.1520(b), 416.920(b). Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id*. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  A claimant must have a "severe impairment[]" which is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities[.]"  *Id*. §§ 404.1520(c), 416.920(c).  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 to subpart P of Part 404 of the regulations (the "Listing"). *Id*. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work.  *Id*. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  Fifth and

finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work.    20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).   In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.* §§ 404.1523(c), 416.923(c).  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 806 (11th Cir. 2013) (per curiam).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff filed for disability insurance benefits and supplemental security income on August 9, 2018, alleging that she became disabled to work on October 27, 2017.  Her claims were denied initially on April 11, 2019, and upon reconsideration on August 28, 2019.  She timely requested an evidentiary hearing before an ALJ on October 10, 2019, and the hearing was held on May 27, 2020.  Plaintiff attended the hearing via telephone with her attorney and gave testimony, as did an impartial vocational expert ("VE").  Tr. 16.  On June 10, 2020, the ALJ issued an unfavorable decision denying Plaintiff's applications.  Tr. 16-26.  Plaintiff next sought review by the Appeals Council but was denied on December 16, 2020.  Tr. 1-3.  Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying her applications.  Her case is ripe for review.  42 U.S.C. §§ 405(g), 1383(c)(3).

## STATEMENT OF FACTS AND EVIDENCE

On the date she alleges that she became disabled to work, Plaintiff was forty-nine

years old and classified as a "younger individual" under the Commissioner's regulations, however, she was subsequently classified as "closely approaching advanced age." Finding 6, Tr. 25; 20 C.F.R. §§ 404.1563, 416.963. She has at least a high school education and past relevant work as a pharmacy technician. Finding 6, Tr. 24-25. In conducting the five-step sequential analysis of her claims for disability, the ALJ found, at step two, that Plaintiff had a severe impairment of degenerative joint disease of the lumbar spine. Finding 3, Tr. 19. At step three, the ALJ determined that Plaintiff's physical impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 21. Between steps three and four, the ALJ determined that Plaintiff retains the RFC to perform light work with exertional, nonexertional, and postural limitations. Finding 5, Tr. 21-24. At step four, the ALJ found that this RFC did not prevent Plaintiff from returning to her past relevant work. Finding 6, Tr. 24. Additionally, at step five, the ALJ established through testimony of the VE that Plaintiff can also work as an office helper, information clerk, or routing clerk, and that these jobs are available to her in the national economy. Finding 6, Tr. 24-25. The ALJ, therefore, found Plaintiff to not be disabled to work. Finding 7, Tr. 26.

## DISCUSSION

Plaintiff asserts two claims warranting remand. First, that the ALJ's credibility determination was not supported by substantial evidence, and second, that the ALJ erred in the assignment of weight to a medical source opinion. Pl.'s Br. 6-12, ECF No. 20. The Court disagrees and affirms the Commissioner's decision.

## I.      Credibility Determination

Plaintiff contends the ALJ erred in in discrediting her subjective testimony by not considering a single piece of medical evidence—a CT scan from January 2, 2020.  Pl.'s Br. 6-9.  According to Plaintiff, this CT scan supports her subjective complaints of back pain, contrary to the ALJ's finding.  *Id*.  Plaintiff is essentially asking the Court to reweigh the evidence, which it cannot do.  *Moore*, 405 F.3d at 1211.  Instead, where an ALJ "articulate[s] explicit and adequate reasons" for discrediting a claimant's subjective testimony, the Court must not disturb those findings where they are supported by substantial evidence.  *Garcia v. Comm'r of Soc. Sec.*, 833 F. App'x 303, 308 (11th Cir. 2020) (per curiam) (internal quotation marks omitted).  Further, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable the district court . . . to conclude that the ALJ considered her medical condition as a whole.'" *Dyer*, 395 F.3d at 1211 (quoting *Foote*, 67 F.3d at 1561).

Here, the ALJ's credibility determination is supported by substantial evidence.  The ALJ noted that although Plaintiff claims to require assistance for daily activities, her physical examinations since 2017 showed "normal musculoskeletal findings, normal ambulation, and no limited range of motion" despite her continued complaints of pain.  Tr. 23, 453-66, 501-49, 637-67, 1103-1115.  The ALJ also pointed out that Plaintiff takes prescription pain medication without "any significant side effects."  Tr. 23.  Notably, the ALJ did not completely discount Plaintiff's pain but attributed it to "her degenerative joint disease of the lumbar spine." *Id*.  And while the objective medical evidence did not support

the severity of the pain alleged by Plaintiff, the ALJ still considered her degenerative joint disease severe. *Id.* That the ALJ did not specifically cite the January 2020 CT scan does not warrant reversal. *See Sarli v. Berryhill*, 817 F. App'x 916, 917 (11th Cir. 2020) (per curiam) ("A harmless error—that is, one that does not affect the ALJ's ultimate decision—does not constitute a ground for reversal."); *see also Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983). Thus, substantial evidence supports the ALJ's credibility determination.

## II.    Medical Source Opinion

Plaintiff's second claim for remand is also meritless. Plaintiff takes issue with the ALJ's finding unpersuasive the opinion of Kelly A. Dixon, M.D. Pl.'s Br. 10-12. Specifically, Plaintiff argues the ALJ did not explain how the January 2020 CT report is inconsistent with Dr. Dixon's opinion, and therefore, the ALJ's decision is not supported by substantial evidence. The Court disagrees.

In January 2017, the Social Security Administration revised the regulations regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). Because she filed her claim on August 9, 2018, Plaintiff's case is subject to these revised regulations. The regulations now specify that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ will, instead, consider all medical opinions through the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant including length of the treatment

relationship, frequency of examination, purpose of the treatment relationship, extent of the

treatment relationship, and examining relationship; (4) specialization; and (5) other factors.

*Id*. at §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).  The ALJ is only required to discuss the

first two factors.  As to supportability, "[t]he more relevant the objective medical evidence

and supporting explanations presented by a medical source are to support his or her medical

opinion(s) or prior administrative medical finding(s), the more persuasive the medical

opinion(s) or prior administrative medical finding(s) will be."  *Id*. at §§ 404.1520c(c)(1),

416.920c(c)(1).  With respect to consistency, "[t]he more consistent a medical opinion(s)

or prior administrative medical finding(s) is with the evidence from other medical sources

and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior

administrative medical finding(s) will be."  *Id*. at §§ 404.1520c(c)(2), 416.920c(c)(2).  The

remaining factors need only be discussed if the record contains persuasive differing

medical opinions or prior administrative findings.  *Id*. at §§ 404.1520c(b), 416.920c(b).

Dr. Dixon opined that Plaintiff could stand and walk for a four-hour period,

occasionally bend, infrequently climb stairs or squat, and might "have some difficult with

overhead reaching with the right arm secondary to right shoulder pain."  Tr. 558.  The ALJ

found this unpersuasive, noting that the findings were "inconsistent with the objective

medical evidence, the physical examination, and the diagnostic images."  Tr. 24.  For

example, the ALJ cited Dr. Dixon's treatment notes where Plaintiff's had normal range of

motion in her back and only mildly limited range of motion in her hip flexion and right

shoulder.  *Id*.  Additionally, Plaintiff's strength in all extremities was normal.  *Id*.  Most

notably, as the ALJ pointed out, Dr. Dixon found Plaintiff's gait abnormal "despite

essentially normal exam findings." *Id*.  As for imaging results, Dr. Dixon noted mild

degenerative changes in the lumbar spine and very mild degenerative changes in Plaintiff's

knee.  Tr. 24, 557.  Thus, the ALJ provided substantial evidence for finding Dr. Dixon's

opinion inconsistent with the objective medical evidence and did not support "more than

mild limitations in the areas of standing/walking, lifting, postural performance, and

manipulative performance with the right shoulder."  Tr. 24.  As stated above, the ALJ's

alleged failure to discuss one medical record—the January 2020 CT scan—does not

amount to more than harmless error as the ALJ determined Plaintiff's degenerative joint

disease to be severe.

### CONCLUSION

For the foregoing reasons, the determination of the Social Security Commissioner

is affirmed.

SO ORDERED, this 23rd day of February, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE